IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DWYER, )<br>    Plaintiff, ) | Civil Action No. 7:22cv00011 |
| )<br>v. ) | MEMORANDUM OPINION |
| )<br>HAROLD CLARKE, )<br>    Respondent. ) | By: Michael F. Urbanski<br>Chief United States Judge |

Michael Dwyer, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the January 2019 final Order of the Rockingham County Circuit Court, revoking his probation and imposing all his suspended time. The respondent has filed a motion to dismiss, and the matter is now ripe for decision. For the reasons stated below, the court will deny the motion to dismiss and grant the petition for habeas corpus.

I.

Dwyer was initially convicted in Rockingham County Circuit Court in 2005 for two counts of felony abduction, attempted oral sodomy, indecent exposure, misdemeanor sexual battery, and two counts of assault and battery. At that time, the court imposed a total sentence of 25 years on the three felony charges and 48 months on the four misdemeanors, then suspended 20 years of felony time and all 48 months of the misdemeanor time, conditioned on 5 years of supervised probation and good behavior.

Dwyer began his supervised probation on June 11, 2009, with a minimum expiration date (MED) of June 11, 2014. In August 2012, the court found Dwyer in violation of the terms of his probation and ordered him to serve one year of active incarceration, but

explicitly declined to extend the MED. Dwyer again began supervised probation on May 15, 2013. The probation office filed a major violation report on August 6, 2015. Following a hearing in December 2015, the trial court found Dwyer in violation again, imposed one year and six months of incarceration, and extended his supervised probation by two years upon his release from incarceration. After serving his year and a half, Dwyer began probation again on June 21, 2017.

On March 12, 2018, and again on March 26, 2018, Dwyer tested positive for amphetamines. On March 26, he admitted that had used methamphetamine. Dwyer failed to attend his scheduled sex offender treatment group on April 2, 2018, and the next day he failed to report for his scheduled sexual history polygraph. The probation officer attempted to call Dwyer at his residence on April 3, and Dwyer's wife informed the officer that Dwyer had not been home since March 29. The probation officer filed a major violation report on April 5, 2018, and Dwyer was arrested on April 6 for the outstanding probation violation. At the time of his arrest, Dwyer was in possession of heroin, methamphetamine, and cocaine. He admitted using methamphetamine and marijuana the previous evening.

At the revocation hearing for his 2018 violation, held January 24, 2019, Dwyer argued that the court lacked jurisdiction in December 2015 to extend the term of his probation, as the probation had expired on June 11, 2014, under the original sentencing order. Consequently, he argued that the court lacked jurisdiction to find him in violation in December 2015 and had no jurisdiction to do so for the 2018 alleged violations. The court denied Dwyer's motion to dismiss the violation on jurisdictional grounds, finding that Dwyer did not raise the issue in 2015, choosing instead to submit to the jurisdiction of the

court and agree to the re-suspension of most of his sentence in exchange for probation upon his release in 2017. Having chosen to accept the benefit of the bargain in 2015, he could not then collaterally attack the 2015 judicial order. Further, the court found that Dwyer's continued drug use, a factor in his original conviction, made him a continuing danger, and the court revoked his probation and imposed the remainder of the sentence, 17.5 years of felony time plus 48 months for the misdemeanors. The final order was entered January 29, 2019.

Dwyer appealed to the Court of Appeals of Virginia, which denied his petition in a per curiam opinion. Dwyer v. Commonwealth, No. 0236-19-3 (Va. Ct. App. Oct. 17, 2019), reh'g denied (Dec. 20, 2019). Thereafter, counsel filed a notice of appeal to the Supreme Court of Virginia. After hearing nothing from the court or counsel, Dwyer wrote both appellate courts requesting the status of his appeal from the first appellate opinion. By letter dated November 19, 2020, the Supreme Court of Virginia advised him that no petition for appeal had been filed in that court. Pet. Ex. at 1, Dkt. No. 1-1. During the Virginia State Bar investigation, counsel sent a letter to the Bar acknowledging that he had never filed a petition, because he mistakenly believed that the court would send a notice upon receiving the record to advise when the petition was due.

Dwyer filed a petition for habeas corpus in the Supreme Court of Virginia on or about February 12, 2021, raising as his sole issue the ineffective assistance of counsel for failing to file his petition for appeal. The court procedurally dismissed the petition as untimely on July 14, 2021, citing Booker v. Director, 284 Va. 6, 6, 727 S.E.2d 650, 650 (2012), because collateral challenge of probation revocation orders, unlike challenges to

criminal convictions, must be filed within one year from the date the revocation order was entered by the trial court. Dwyer v. Clarke, No. 210200 (Va. July 14, 2021).

Dwyer signed his § 2254 petition on November 15, 2021; the envelope is postmarked November 22, 2021. His claim is that he was denied his appeal because of ineffective assistance of counsel.

## II.

### A. Procedural Issues

The Antiterrorism and Effective Death Penalty Act requires state prisoners to meet several procedural requirements before a federal court may grant relief in habeas corpus. First, the petitioner must file his claim in a timely fashion. 28 U.S.C. § 2244(d)(1). Next, the petitioner must exhaust his state court remedies before filing in federal court. 28 U.S.C. § 2254(b)(1)(A). If the state court has denied a petitioner's claim based on a state procedural rule, the claim is procedurally defaulted for purposes of federal habeas, as well. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Before a federal habeas court will consider a procedurally defaulted claim, the prisoner must show both cause for the default and actual prejudice from the claimed federal violation. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

#### 1. Timeliness

The statute of limitations for federal habeas petitions set forth in 28 U.S.C. § 2244(d)(1) is one year from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The next section of the statute provides that "the time during which a properly filed application for State post-conviction" relief is pending will not count towards the one year. 28 U.S.C. § 2244(d)(2).

  The respondent analyzes the timeliness of Dwyer's claim under § 2244(d)(1)(A), the date the judgment became final, and argues that equitable tolling does not apply. Admittedly, the judgment became final when the time expired for filing a petition and none had been filed. However, this subsection is only one of the ways for determining when the statute began running. The statute directs the court to look at the <u>latest</u> of the four dates. Subsections (B) and (C) do not apply to this case, but subsection (D) does.

  Dwyer's only claim in this petition is that he was denied the right to appeal because his attorney negligently failed to file any petition (timely or otherwise). Counsel filed a notice of appeal in early January 2020, which Dwyer received. Approximately ten months later, having heard nothing, Dwyer wrote to the court of appeals. In response, by letter dated November 9, 2020, the court advised that a Notice of Appeal had been filed and directed him to the Supreme Court of Virginia for information on the status of the appeal. Dwyer promptly wrote to the Supreme Court of Virginia on November 15, 2020. That court

5

advised, by letter dated November 19, 2020, that the appeal had never been perfected by filing the petition required by Rule 5:17.

When Dwyer received the court's letter, on November 23, 2020, that is the date on which he learned of the facts giving rise to his habeas claim. Section 2244(d)(1)(D) looks at when the facts could have been learned using due diligence. The respondent suggests (albeit in the context of equitable tolling) that Dwyer was not diligent in discovering his attorney's failure to file the appeal. The court disagrees.

When a petitioner is relying on § 2244(d)(1)(D), the court must determine when a duly diligent person in the petitioner's circumstances would have discovered that the appeal had not been perfected. The statute does not require maximum feasible diligence, only reasonable diligence, and this is a fact-specific inquiry unique to each case. Wims v. United States, 225 F.3d 186, 190–91 & n.4 (2d Cir. 2000). While it is theoretically possible that Dwyer could have learned that the appeal had not been perfected soon after January 20, 2020, to require that he do so would ignore the reality of the prison system and impose an unreasonable burden on prisoners, who lack regular access to telephones, law libraries, and computers. Holloway v. Walrath, No. 3:17cv683—HEH, 2018 WL 2452955, at *3 (E.D. Va. May 31, 2018); Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000). There is no magic number of days or months in which a petitioner is required to act; rather, due diligence is "an inexact measure of how much delay is too much" under all the circumstances. United States v. Muse, No. 7:17cr0011-1, 2021 WL 5855291, at *10 (W.D. Va. Dec. 9, 2021).

6

The question becomes when a reasonable prisoner would have begun to suspect that counsel had dropped the ball. Holloway at *3. Courts have held that a petitioner acting with reasonable diligence would contact the court within one year after the judgment became final or after one year of silence from counsel. Id.; Tharrington v. Director, Virginia Dep't of Corr., No. 3:14cv720, 2015 WL 4606174, at *4 (E.D. Va. July 30, 2015). In this case, not only did Dwyer instruct counsel to appeal, but Dwyer received a copy of the notice of appeal that counsel filed. Dwyer reasonably relied upon counsel to follow-through with the necessary steps to complete the appeal process he had started. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (noting that "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice."). Dwyer had the right to assume that his attorney competently pursued his appeal until a reasonable person would have become suspicious. From the time Dwyer's probation was revoked until the per curiam opinion of the appeal court was issued, nine months elapsed. From that experience, a reasonable prisoner could assume that the next round of appeal would take about the same amount of time, and it is not unreasonable for Dwyer to have assumed that his attorney was handling the matter during the next nine months. Approximately nine or ten months after Dwyer received his copy of the notice of appeal and before November 9, 2020, Dwyer wrote to the Court of Appeals, which responded by letter dated November 9, 2020, referring him to the Supreme Court of Virginia. On November 15, 2020, he wrote the Supreme Court. The court responded by letter of November 19, 2020, advising that the appeal had not been perfected. Once Dwyer's suspicions were aroused by the passage of months, he acted promptly and diligently. He had no reason to inquire sooner, and he determined the facts

7

with due diligence in less than a year. The date Dwyer received the letter from the Supreme Court of Virginia, November 23, 2020, is when the one-year statute of limitation on his habeas claim began to run. After that date, he had one year to file his federal habeas, and there was no requirement that he act with due diligence during that one year. Wims, 225 F.3d at 190. Because his petition was postmarked November 22, 2021, by the prison, his petition is timely.

### 2. Exhaustion

To exhaust his claims in state court, as required by 28 U.S.C. § 2254(b)(1)(A), a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief. O'Sullivan v. Boerckel, 526 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 732. Where, as here, a petitioner has tried to submit his claim to the state court, but the claim has been clearly and explicitly denied based on a state procedural rule that provides an independent and adequate ground for the state court's decision, the claim is procedurally defaulted for purposes of federal habeas review. Breard, 134 F.3d at 619. The state habeas statute of limitations, Virginia Code § 8.01-654(A)(2), has been recognized as an independent and adequate state procedural ground, resulting in procedural default of the federal habeas claim. Gray v. Netherland, 518 U.S. 152, 161 (1996). Dwyer's habeas claim is thus considered simultaneously exhausted and defaulted. Bassette v. Thompson, 915 F.2d 932, 936–37 (4th Cir. 1990).

### 3. <u>Overcoming Procedural Default</u>

As previously indicated, a federal habeas court will consider a procedurally defaulted claim if the petitioner demonstrates both cause for the default and actual prejudice from the claimed violation. <u>Coleman</u>, 501 U.S. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not fairly attributable to the petitioner. <u>Id.</u> at 750–56. To show prejudice, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

Demonstrating that the factual or legal basis for the claim was not reasonably available in time to exhaust the claim is another way to establish cause. <u>Murray v. Carrier</u>, 478 U.S. 478, 488 (1986). As interpreted by the Supreme Court of Virginia, Dwyer had one year to file a state habeas petition regarding the final revocation order entered January 29, 2019. That year ended on January 29, 2020, regardless of any ongoing appellate litigation. In January 2020, Dwyer had just received a copy of the notice of appeal from the appellate court's December 20, 2019, decision. There was no reasonable reason for Dwyer to know, before January 29, 2020, that his attorney failed to perfect the appeal. His ability to file a state habeas petition expired before he could reasonably learn of his attorney's malfeasance. This constitutes cause for failing to exhaust the claim.

Likewise, the prejudice to Dwyer from the claimed violation infects his entire appeal with error of constitutional dimension. Denial of counsel on appeal requires a presumption of prejudice. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483 (2000); <u>Penson v. Ohio</u>, 488 U.S. 75, 88 (1988). Having determined that Dwyer established both cause and prejudice to overcome

his procedural default, the court will now turn to the merits of Dwyer's claim for ineffective assistance of counsel.

## B. Ineffective Assistance of Counsel Claim

When the state court does not reach the merits of a habeas claim, ruling instead on procedural grounds, the federal habeas court reviews the claim de novo. Ineffective assistance of counsel normally requires a petitioner to show that (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

An attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner. Flores-Ortega, 528 U.S. at 477. Failure to perfect the appeal because of mistakenly failing to look at the rules of court is equally unreasonable. Other courts addressing the issue have agreed that filing a notice of appeal, but then failing to perfect the appeal, leads to the forfeiture of a petitioner's appellate rights just the same as failing to notice the appeal. E.g., Hernandez v. United States, 202 F.3d 486, 489 (2d Cir. 2000) (finding no basis for a "distinction between a criminal defendant whose counsel files an untimely notice of appeal, does not file a notice of appeal, or files a timely notice and then neglects to perfect the appeal."); Harrington v. Gillis, 456 F.3d 118, 132 (3d Cir. 2006) (explaining that counsel's obligation to assist a defendant on appeal extends beyond "the ministerial task of filing a notice of appeal."); Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir. 1990) (noting that where counsel filed a notice of appeal, then failed to take additional steps to ensure prosecution of the appeal, petitioner "had every right to expect"

10

that counsel would follow through.). Whether the appeal is not noticed or is noticed but not perfected, the deficient performance leads "not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." Flores-Ortega, 528 U.S. at 477.

A presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal, because the prejudice is the loss of his opportunity to appeal. United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007). The remedy for a violation of the right to effective counsel which results in forfeiture of a petitioner's appeal is the reinstatement of the petitioner's appeal and the appointment of counsel. Rivera v. Goode, 540 F. Supp. 2d 582, 597 (E.D. Pa. 2008).

### III.

Dwyer timely filed his federal habeas petition, and he has shown cause and prejudice for procedurally defaulting his state habeas claim. Finally, he has stated a violation of his constitutional right to counsel during the appeal, resulting in the forfeiture of his opportunity to appeal, from which prejudice is presumed. Therefore, the court will deny the motion to dismiss and grant Dwyer's petition for habeas corpus for the limited purpose of reinstating his right to appeal.

An appropriate order will be entered.

**ENTER:** This 1st day of March, 2023.

Michael F. Urbanski
Chief U.S. District Judge
2023.03.01 11:54:38
-05'00'

_____
Michael F. Urbanski
Chief United States District Judge